**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

|  |  |
|---|---|
| VALARIE TAMIKA WILLIAMS, | |
| Plaintiff, | 2:23-cv-00044-VCF |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | **ORDER CONCERNING REVIEW OF SOCIAL SECURITY CASES** |
| Defendant. | |

This action involves the judicial review of an administrative action by the Social Security Administration (hereinafter "SSA") denying plaintiff's claim for Social Security benefits.

1. This court has jurisdiction pursuant to 42 U.S.C. § 1395FF(b)(1)(A), which incorporates 42 U.S.C. § 405(g), and allows for judicial review of a final decision of the SSA.

2. Judicial review of the SSA's final decision must be based solely on the administrative record. This court may affirm, modify, or reverse the final decision of the SSA. Under 42 U.S.C. § 405(g), the SSA's final decision will be disturbed only if the factual findings underlying the decision are not supported by substantial evidence or if the decision fails to apply the correct legal standards. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999). The findings of the SSA as to any fact shall be conclusive and must be upheld if supported by substantial evidence. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir.2001). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997). Whether substantial evidence supports a finding is

determined from the record as a whole, with the court weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion.  *Id.*  When the evidence can rationally be interpreted in more than one way, the court must uphold the SSA's decision.  *Id.*

Accordingly,

IT IS HEREBY ORDERED that:

1. In the event plaintiff intends to request a remand of this case on the basis of new evidence, plaintiff will, within **thirty (30) days** of the filing of this Order, file a motion to remand in this Court based on new evidence. The new evidence shall be attached to the motion. A copy of the motion and evidence shall be served on:

> United States Attorney
> 501 South Las Vegas Boulevard South
> Las Vegas, NV 89101

2. In the event plaintiff files a motion for remand on the basis of new evidence, the defendant will have until thirty (30) days from the date of service of such motion to file either, (i) a notice of voluntary remand of the case, or (ii) points and authorities in opposition to plaintiff's motion. If defendant files points and authorities in opposition, plaintiff will have until **twenty (20) days** from the date of service of such points and authorities to file a reply.

3. Under 42 U.S.C. § 405(g), remand for reconsideration of new evidence will not be granted unless the evidence is new and material and there is a showing of good cause for failure to incorporate the evidence into the record at an earlier stage. Therefore, if plaintiff seeks remand for consideration of new evidence, the motion will include a statement of reasons why the new evidence was not incorporated into the record at an earlier stage.

4. In the event plaintiff does not file a motion for remand on the basis of new medical evidence, the plaintiff will, within **thirty (30) days** of receipt of this Order, file with this Court a motion for reversal and/or remand.

5. Whenever plaintiff files a motion for reversal and/or remand, which includes issues based on the administrative record, plaintiff's motion shall include:

(a) A specification of each and every condition or ailment, or combination thereof, that allegedly renders plaintiff disabled and is allegedly supported by evidence contained in the administrative record.

(b) A complete summary of all medical evidence in the record that supports plaintiff's claim of disability due to each condition or ailment specified in subparagraph 5(a) above, with precise references to the applicable portions of the record. This summary shall not include medical evidence unrelated to the conditions or ailments upon which plaintiff's claim or claims of disability are based.

It shall be sufficient compliance with this subparagraph if plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence contained in the record.

(c) A complete summary of all other evidence adduced at the administrative hearing that supports plaintiff's claim with precise references to the applicable portions of the record. It shall be sufficient compliance with this subparagraph if plaintiff shall stipulate that the Administrative Law Judge fairly and accurately summarized the evidence adduced at the administrative hearing.

(d) A complete but concise statement as to why the record does not contain substantial evidence to support the defendant's claim.

6. If defendant has not filed a notice of voluntary remand and the issues in question relate to

the administrative record, the defendant, within thirty (30) days after being served with plaintiff's motion for reversal and/or remand, will file a cross-motion to affirm which will be considered an opposition to plaintiff's motion. This motion will include:

(a) A complete summary of all evidence in the record that the defendant contends constitutes substantial evidence to support the administrative determination that plaintiff is not entitled to the benefits in question. It will be sufficient compliance with this subparagraph if the defendant will stipulate that the Administrative Law Judge fairly and accurately summarized the evidence contained in the record.

(b) A complete summary of all testimony adduced at the administrative hearing, including the Administrative Law Judge's findings, if any, concerning the credibility of witnesses, which the defendant contends constitutes substantial evidence to support the administrative determination that plaintiff is not entitled to the benefits in question. It will be sufficient compliance with this subparagraph if the defendant will stipulate that the Administrative Law Judge fairly and accurately summarized the testimony adduced at the administrative hearing.

(c) A statement as to whether there are any inaccuracies in the summaries filed by plaintiff. If the defendant believes plaintiff's summaries are inaccurate, defendant will set forth what additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

7. The motions filed by plaintiff and defendant pursuant to paragraphs 5, 6 and 7 of this Order, must also contain appropriate points and authorities dealing with the specific legal issues involved in this case, rather than principles of law applicable to Social Security cases in general.

8. Plaintiff will be deemed to have acceded to the accuracy of the summaries supplied by the

defendant in response to subparagraphs 7(a) and 7(b) of this Order unless within twenty (20) days after being served with defendant's motion to affirm plaintiff files and serves a reply brief setting forth:

    (a)    In what manner the summaries are inaccurate;

    (b)    What additions or corrections are required (with appropriate references to the record) in order to make the summaries accurate.

9. The motions filed by both plaintiff and defendant must also contain the following:

    (a)    A statement as to whether the transcript of the administrative hearing can be adequately comprehended in spite of the fact that such transcript may contain the words "inaudible" or "unintelligible" in one or more places, and specifying each page, if any, in which testimony relating to the particular issues of this case cannot be adequately comprehended.

    (b)    A specification of each page in the administrative record that is partially or totally illegible, and a statement whether each such illegible page contains information relevant to an understanding of any issue presented in this case.

10. Oral argument will be deemed waived and the case shall stand submitted unless argument is ordered by the Court or requested pursuant to Local Rule 78-2, by one of the parties within ten (10) days following the filing of the last document required by this Court. It will be at the Court's discretion whether oral argument is granted.

11. Failure of a party to file a motion or points and authorities required by this Order may result in dismissal of the action or reversal of the decision of the Commissioner of Social Security.

DATED this 26th day of April 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE